UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00948-PSG-SHK | Date: | April 28, 2021 |
| Title: | Gerald Baros v. Sergeant Mark Ramirez, et al. | | |

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None present | None present |

**Proceedings (IN CHAMBERS):  Order To Show Cause**

On May 1, 2017, Plaintiff Gerald Baros ("Plaintiff"), a prisoner who was initially proceeding pro se but is now represented by counsel, constructively filed[1] a civil rights Complaint ("Compl.") under 42 U.S.C. § 1983 ("§ 1983") against six unnamed prison officials arising from the officials' alleged assault of Plaintiff in June 2013 while he was a pretrial detainee at the San Bernardino County Jail Glen Helen Facility ("Glen Helen Facility") awaiting his criminal trial.  Electronic Case Filing Number ("ECF No.") 1, Compl.

Pursuant to the screening procedures under 28 U.S.C. § 1915A, the Court dismissed Plaintiff's Complaint with leave to amend on July 25, 2017.  ECF No. 6, Order Dismissing Compl. with Leave to Amend.  On August 22, 2017, Plaintiff filed a First Amended Complaint ("FAC").  ECF No. 9, FAC.  The Court dismissed the FAC with leave to amend ("ODLA").  ECF No. 10, ODLA.

Plaintiff subsequently filed a Second Amended Complaint ("SAC") on April 16, 2018, against Sergeant Mark Ramirez, Deputy Spencer Killion, Deputy Tyler McGee, and Deputy Kristy Erwin of the San Bernardino County Sheriff's Department, in their individual capacities (collectively "Defendants").  ECF No. 23, SAC at 3-4.  After the claims in Plaintiff's SAC were extensively litigated, see ECF Nos. 25-83, on May 6, 2020, Plaintiff submitted a Stipulated Motion for Leave to File a Third Amended Complaint ("TAC") ("Stipulated Leave Motion").

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

ECF No. 84, Stipulated Leave Motion.  The Court granted Plaintiff's Stipulated Leave Motion, see ECF No. 85, and on May 6, 2020, Plaintiff, now represented by counsel, filed the TAC that is now the operative pleading in this case, see ECF No. 86, TAC.  On May 26, 2020, Defendants answered Plaintiff's TAC ("Answer").  ECF No. 87, Answer.

On October 5, 2020, Defendant Kristy Erwin ("Defendant" or "Defendant Erwin") filed the instant Motion for Summary Judgment ("MSJ").  ECF No. 95, MSJ.  Defendant, however, confusingly, moves for summary judgment against Plaintiff's SAC, which, as stated above, is no longer the operative complaint in this matter.  See, e.g., id. at 2 (Defendant "hereby does move the Court for summary judgment . . . on all claims for relief against her contained in Plaintiff['s] . . . Second Amended Complaint in this action."); see also id. (Defendant asserts that "[t]he Second Cause of Action in Plaintiff's Second Amended Complaint alleging a substantive due process claim . . . fails as a matter of law . . . ."); see also id. at 7 (Defendant asserts that "[f]ollowing additional review and dismissal of the [FAC], Plaintiff filed the operative [SAC] against Defendants . . . ."); see also id. at 8 (Defendant asserting that "[t]he second cause of action in Plaintiff's SAC asserts a 14th Amendment violation against [Defendant] Erwin . . . ."); see also id. at 10 (Defendant asserts that "Plaintiff's SAC sets forth a Fourteenth Amendment due process claim . . . .").

On the same day Defendant filed the MSJ, Defendant also filed a Separate Statement of Uncontroverted Facts ("Defendant's Statement of Facts" or "Def.'s SOF"), wherein, Defendant referenced facts from the SAC rather than the TAC.  ECF No. 96-1, Def.'s SOF.

On October 26, 2020, Plaintiff submitted a Statement of Genuine Issues of Disputed Facts And Facts Controverting Defendant's Statement of Uncontroverted Facts ("Plaintiff's Statement of Facts" or "Pl.'s SOF").  ECF No. 103, Pl.'s SOF.  Notably, in Plaintiff's Statement of Facts, Plaintiff notes that Defendant repeatedly cites information from the SAC in support of Defendant's Statement of Facts, which Plaintiff repeatedly "[d]isputed in part" on the basis that "[t]he [SAC] was supplanted by the [TAC], filed May 6, 2020."  See, e.g., id. at 2-3, 5.

On the same day Plaintiff submitted Plaintiff's Statement of Facts, Plaintiff also opposed Defendant's MSJ ("Opposition" or Opp'n").  See ECF No. 104, Opp'n.  On November 2, 2020, Defendant submitted a Reply in Support of her MSJ ("Reply")[2] and objections to evidence submitted by Plaintiff ("Objections").  ECF No. 106, Reply; ECF No. 108, Objections.  On November 5, 2020, Plaintiff submitted a Notice of Supplemental Authority in Support of Opp'n to MSJ.  ECF No. 109.

Here, the record reveals that Defendant has moved for summary judgment against claims in an obsolete pleading—the SAC—which was replaced by the operative TAC that appears to include an alleged Fourth Amendment violation, as well as additional facts that were not alleged in the SAC.  Thus, it is unclear why Defendant moved against an obsolete pleading, especially when Defendant stipulated to Plaintiff filing a TAC and, indeed, answered Plaintiff's TAC.  It is also unclear to the Court why Defendant did not object to the MSJ on this basis.  Seemingly,

---

[2] The Court notes that the Defendant appears to have erroneously filed her Reply as Objections twice.  See ECF Nos. 105, 107.

neither party noticed this error and, consequently, the Court has no briefing or arguments from either party from which to decide this critical issue.

Accordingly, Defendant is ordered to show cause ("OCS") by **May 19, 2021**, why Defendant's MSJ should not be denied for moving against an obsolete pleading rather than the operative TAC. Defendant can satisfy this OSC by either:

1) Explaining in writing, and with support of legal authority, why the Court should grant Defendant's MSJ and dismiss claims against Defendant that were raised in the TAC, when Defendant moved only to dismiss claims in the now obsolete SAC; or
2) File an amended MSJ addressing claims raised in the operative TAC, as well as a revised Statement of Facts to support the amended MSJ.

If Defendant chooses the first option, Plaintiff may file a Response within **fourteen days** of Defendant filing her explanation, and Defendant may file an optional Reply within **seven days** of Plaintiff responding.

If Defendant chooses the second option and files an amended MSJ and Statement of Facts, Plaintiff shall have **twenty-one days** from the date the amended MSJ and Statement of Facts are filed to respond to the amended MSJ and file an amended Statement of Facts. Defendant shall have **seven days** from the time Plaintiff files a Response and Statement of Facts to file an optional Reply.

The MSJ, or amended MSJ, will be decided on the papers and without oral argument.

**IT IS SO ORDERED.**